■ Robert P. O'Brien, Respondent, v Gloria Lerman et al., Appellants.—In an action sounding in negligence and defamation, defendants appeal from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated October 22, 1984, as denied their cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Order reversed, insofar as appealed from, on the law, without costs or disbursements, cross motion granted and complaint dismissed.

The first cause of action seeks to recover from defendant Exchange Funding Corp., a mortgage company, the sum of $450, representing additional work hours expended by plaintiff, an attorney, in representing his clients at a closing of the sale of real property due to the alleged negligence of defendant corporation in failing to tender certified funds at said closing allegedly "because there were insufficient funds" to cover the check. Ultimately, plaintiff's clients were given a certified check drawn on the account of another corporation. The complainant does not allege privity of contract between plaintiff and defendant corporation. Absent fraud, collusion or other special circumstances which are also not alleged in the

complaint, defendant corporation is not subject to suit for negligent performance of its contractual duties by one, such as plaintiff, who did not contract for its services *(see, Calamari v Grace,* 98 AD2d 74).

The second and third causes of action for defamation are based upon a letter written by an employee of defendant corporation to the corporation's attorney explaining the reason for plaintiff having sent a bill for the sum of $450. One sentence reads, in part, that "when the funds at the closing were not able to be certified * * * he [plaintiff] *went crazy"* (emphasis supplied). The words "went crazy", when construed in the context of the letter and its tenor, indicating plaintiff's extremely angry reaction, cannot reasonably be understood by the mind of the ordinary intelligent reader as imputing to plaintiff insanity or mental instability and, thus, do not constitute libel per se *(see, Brill v Brenner,* 62 Misc 2d 102; *Wetzel v Gulf Oil Corp.,* 455 F2d 857; *DeMoya v Walsh,* 441 So 2d 1120 [Fla]). Since plaintiff has failed to allege special damages with the requisite specificity *(see, Cambridge Assoc. v Inland Vale Farm Co.,* 116 AD2d 684), those causes of action must also be dismissed. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.